UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-cv-03691 |
| | § | |
| $64,000.00 IN MONEY ORDERS | § | |
| AND CASHIERS CHECK | § | |
| Defendant | § | |

**UNITED STATES RESPONSE IN OPPOSITION TO CLAIMANTS'
MOTION TO MITIGATE FORFEITURE**

United States responds in opposition to Claimants' motion to mitigate the forfeiture of $32,000.  Docket # 25.

*Background*

1. On September 5, 2007, Sant Hoa Mai and Vu Hoang, Claimants, arrived into the United States from Panama City, Panama, at the George Bush Intercontinental Airport, Houston, Texas, on board Continental Airlines flight 889. While conducting a routine Customs inspection at the airport, a United States Customs and Border Protection Officer (Customs Officer) asked Sant Hoa Mai and Vu Hoang  whether they were transporting more than $10,000 in cash or monetary instruments into the United States.  Each of them falsely stated verbally

1

and in writing that they were not bringing into the United States more than $10,000 in cash or monetary instruments.  During the Customs inspection, the Customs officers found that they were both carrying more than $10,000 and in total they were carrying approximately $64,000 in cash and money orders.

     2.  The discovered funds were seized by the Customs Officials and the United States filed a complaint against the $64,000 in which the United States sought the forfeiture of the $64,000 because these funds were involved in a violation of 31 U.S.C. § 5316.  Under 31 U.S.C. § 5316, a person is required to report when they are transporting more than $10,000 in currency or monetary instrument into the United States.  Docket #1.  Pursuant to 31 U.S.C. § 5317(c)(2), the United States may seize and forfeit any funds involved in a violation of 31 U.S.C. § 5316.

     3.  The parties settled the case by the Claimants agreeing to the forfeiture of $32,000 (50% of the $64,000) and the United States agreeing to return $32,000 to the Claimants.  The Claimants reserved their right to move to mitigate the forfeiture of the $32,000 as an Excessive Fine under the Eighth Amendment.  Docket # 23 and 24.  On June 5, 2009, the Claimants filed their motion to mitigate the forfeiture.  Docket # 25.

*Applicable Law*

4. Under 18 U.S.C. § 983(g) and Rule G(e), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Claimants may petition the Court to determine whether the forfeiture was constitutionally excessive. In making this determination, the Court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture. *United States v. Bajakajian*, 524 U.S. 321, 334 (1998) and 18 U.S.C. § 983(g)(2). The Claimants have the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence. If the Court finds that the forfeiture is grossly disproportional to the offense, the Court shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution. 18 U.S.C. § 983(g).

5. The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. The Supreme Court has held "that a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.[1]" *Bajakajian*, 524 U.S. at 334. The Eighth

---

[1]Although this was announced in a criminal forfeiture case, this rule was made applicable to civil forfeiture case by the enactment of 18 U.S.C. § 983(g).

Amendment does not require strict proportionality between the amount of the punitive forfeiture and the gravity of a criminal offense, it only prohibits gross disproportionality. *Id.*, 336.  The pertinent factors in an Excessive Fine analysis include (1) whether the claimant falls into the class of persons at whom the criminal statute was particularly directed; (2) other penalties authorized by the legislature, (3) the harm caused by the claimant. *Id.*, 337-40.

*Argument*

The Claimants Committed a Serious Felony Violation

6. In determining whether a forfeiture is excessive the Supreme Court stated "that judgment about the appropriate punishment for an offense belongs in the first instance to the legislature." *Id.,* 336.  After *Bajakajian*, Congress enacted a bulk cash smuggling statute, 31 U.S.C. § 5332.  In that enactment Congress made the following findings that are relevant to the currency reporting violations in this case:

> (1) Effective enforcement of the currency reporting requirements of subchapter II of chapter 53 of title 31, United States Code, and the regulations prescribed under such subchapter, has forced drug dealers and other criminals engaged in cash-based businesses to avoid using traditional financial institutions.
>
> (2) In their effort to avoid using traditional financial institutions, drug dealers and other criminals are forced to move large quantities of currency in bulk form to and through the airports, border crossings,

and other ports of entry where the currency can be smuggled out of the United States and placed in a foreign financial institution or sold on the black market.

(3) The transportation and smuggling of cash in bulk form may now be the most common form of money laundering, and the movement of large sums of cash is one of the most reliable warning signs of drug trafficking, terrorism, money laundering, racketeering, tax evasion and similar crimes.

(4) The intentional transportation into or out of the United States of large amounts of currency or monetary instruments, in a manner designed to circumvent the mandatory reporting provisions of subchapter II of chapter 53 of title 31, United States Code, is the equivalent of, and creates the same harm as, the smuggling of goods.

115 Stat 272, 336 -337.

7. The reporting violation in this case is similar to the reporting violation in *Bajakajian*. However, since *Bajakajian* the Congress made the above findings which underscores the importance of the currency reporting violation. Although there is no evidence that this offense is related to another crime, this is a significant violation as noted by these Congressional findings post *Bajakajian*.

> *A $32,000 Forfeiture for Two Violators Is Not Grossly Disproportional*
> *To a Cumulative Sentencing Guidelines Fines of $10,000*
> *and Statutory Fines of $500,000*

8. In translating the gravity of a crime into monetary terms, the Eleventh Circuit held that "if the value of the forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is

constitutional" and "if the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive. *United States v. 817 N.E. 29th Drive Wilton Manors, Fla.*, 175 F.3d 1304, 1309-1310 (11th Cir. 1999). In *United States v. Wallace*, 389 F.3d 483, 486 (5th Cir. 2004), the Fifth Circuit upheld a district court's ruling that a forfeiture was not excessive based upon *United States v. 817 N.E. 29th Drive Wilton Manors, Fla.*

9. In this case, each Claimant would have faced a sentencing guidelines maximum fine of $5,000[2]. This results in a cumulative sentencing guidelines maximum fine of $10,000. A $32,000 forfeiture is less than 4 times the Sentencing Guidelines fine. In contrast, the forfeiture struck down in *Bajakajian* exceeded the maximum Guidelines fine by a factor of more than 70. *See* also *United States v. Jose*, 499 F.3d 105, 112 (1st Cir. 2007) (forfeiture less than 4 times the maximum Sentencing Guidelines fine was upheld); *United States v. Fifthy-Nine Thousand Dollars*, 2007 WL 824122 (S.D. Fla.. 2007)(forfeiture

---

[2] U.S.S.G. calculation for a 31 U.S.C. § 5316 violation involving more than $30,000 but less than $70,000:  a) Offense Level: +6 [2S1.3(a)(1)(a)(2)] +6 [2B1.1(b)(1)(D)] -6 [2S1.3(a)(1)(b)(3)] = 6  and b) Maximum Fine of $5,000 under 5E1.2(c)(3).

$49,000 when the Sentencing Guidelines maximum fine was $5,000 was constitutional.).  In considering the Sentencing Guidelines, the admonishment of Judge Kennedy should be noted: "The purpose of the Guidelines, however, is to select punishments with precise proportion, not to opine on what is a gross disproportion."  *Bajakajian*, 524 U.S. at 350.  *See also* U.S.S.G. § 1A.1.1Commentary ( . . . Congress sought proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of different severity.).

10.  In considering an offense's gravity, the statutory fine is relevant evidence.  Here, Congress has authorized a maximum fine of $250,000.  18 U.S.C. § 3571.  To show unconstitutionality, the Claimants must prove by a preponderance of the evidence that the forfeiture was grossly disproportional.  Also, the Claimants must rebut the strong presumption of constitutionality because the forfeiture is substantially less than the statutory fine. *See also United States v. Cekosky*, 171 Fed. Appx. 785, 788 (11th Cir. 2006) ("Because the forfeiture amount is smaller than [the statutory] maximum, we hold that it is constitutional."); *United States v. Wagoner County Real Estate*, 278 F.3d 1091, 1100 (10th Cir. 2002) ("Maximum statutory fines provide guidance on legislative view of the seriousness of the offense. . . 'if the value of forfeited property is

within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional.'")(quoting *817 N.E. 29th Drive Wilton Manors, Fla.*, 175 F.3d at 1309-1310 (11th Cir. 1999)).

11.  The excessive fine prohibition has not been violated by this $32,000 forfeiture for two violator who faced cumulative sentencing guidelines fines of $10,000 and statutory fines of $500,000.

*Claimants Failed to Meet Their Burden of Proof*

12.  The question is not what would be a more appropriate forfeiture but rather is the present forfeiture of $32,000 grossly disproportional for two Claimants who lied to Customs official.  This issue was not addressed by the Claimants.  Their extensive discussion about a $64,000 forfeiture is not relevant to the forfeiture of $32,000 in this case.  The Claimants have not presented any evidence or argument to rebut the strong presumption of constitutionality for a forfeiture that is substantially less than the cumulative fine of $500,000 for the two violators.

13.  The absence of a criminal case is also immaterial.  It is the United State discretion to decide whether to prosecute a currency violation by criminal or civil means.  The *Bajakajian* opinion noted Justice Joseph Story's 1827 observation that "[T]he practice has been, and so this Court understand the law to be, that the

proceeding in rem stands independent of, and wholly unaffected by any criminal proceeding in personam." *Bajakajian* at 330 (quoting *The Palmyra*, 12 Wheat. 1, 14-15, 6 L.Ed. 531 (1827)).  A criminal prosecution of the Claimants is immaterial to civil forfeiture proceedings.  The failure to prosecute has no effect on the United States' ability to pursue civil forfeiture. *Pimentel v. U.S. Drug Enforcement Admin.*, 99 F. Supp.2d 420, 433 (S.D.N.Y. 2000).  Even an acquittal of the underlying criminal charges does not affect the United States' right to seek a civil forfeiture.  *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361-362 (1984) (acquittal on gun violation under 18 U.S.C. § 922 does not bar civil forfeiture under 18 U.S.C. § 982(d)); *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 234-35 (1972) (acquittal on criminal smuggling charge does not bar later civil forfeiture).

*Conclusion*

14.   Here there were four violations of 31 U.S.C. § 5316.  Each Claimant lied twice to the Customs Officer about the amount of funds he was bringing into the United States.  The forfeiture of $32,000 is not grossly disproportionate to these violations of 31 U.S.C. § 5316.  The Claimants have not rebutted the strong presumption that the forfeiture is constitutional when the amount is less than the statutory fine.  Nor have the Claimants met their burden of proving beyond a

preponderance of the evidence that the forfeiture is grossly disproportional. Accordingly, the United States requests that the Court deny Claimants' motion to mitigate this forfeiture.

Dated: July 6, 2009.

        Respectfully submitted,

        Tim Johnson.
        United States Attorney

   By: /s/ Albert Ratliff
      Albert Ratliff
      Assistant United States Attorney
      Attorney-in-Charge
      NY Bar No. 1073907
      SDTX Bar No. 6764
      United States Attorney's Office
      P. O. Box 61129, Houston, Texas  77208
      Office (713) 567-9579, Fax (713) 718-3300
      E-mail albert.ratliff@usdoj.gov

**Certificate of Service**

Service of this response on Richard M. Barnett, Esq., attorney for the Claimants and a Filing User, will be automatically accomplished through the notice of electronic filing.

        /s/ Albert Ratliff
        Albert Ratliff
        Assistant United States Attorney