UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-07-3691 |
| | § | |
| $64,000 IN MONEY ORDERS AND | § | |
| CASHIERS CHECK, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

This case is before the court on Sant Mai and Phung Lee's motion to mitigate the forfeiture of $32,000 resulting from a violation of 31 U.S.C. § 5316. (Dkt. 25). Mai and Lee assert that the forfeiture violates the Eighth Amendment's Excessive Fines Clause. The court concludes that the forfeiture does not violate the Constitution and the motion should be denied.

## Background

Sant Mai and Vu Hoang arrived in Houston at George Bush Intercontinental Airport on September 5, 2007. Customs officials approached them and asked if they had more than $10,000 with them. They both denied that they did. Custom Officials discovered that Mai had $15,000 in money orders and a $15,000 cashiers check, and Vu Hoang had $34,000 in money orders. Mai and Hoang both claim that Hoang was merely holding the money for Mai and is not the owner of the money orders in his possession.

The money was confiscated pursuant to 31 U.S.C. § 5316 which requires reporting if more than $10,000 in monetary instruments are being brought into the United States. In total, Mai and Hoang failed to declare $64,000 in various monetary instruments.

The claimants assert, and the government does not dispute, that the money was involved in a "round trip," *i.e.*, the instruments were purchased in the United States, taken to Panama, and returned to the United States when the business venture they were to be used for was unsuccessful. An agreed judgment was entered on May 7, 2009 for forfeiture of $32,000 of the $64,000, expressly reserving the claimants' right to seek mitigation based on the Eighth Amendment. (Dkt. 24).

## Analysis

### The *Bajakajian* Standard

The Supreme Court ruled on the relation between forfeitures and the Eighth Amendment in *Bajakajian v. United States*, 524 U.S. 321 (1998). In *Bajakajian*, the forfeiture involved $357,144 that the defendant failed to report to customs officials when leaving the country. The maximum fine that Bajakajian faced under the Sentencing Guidelines was $5,000, the maximum statutory fine authorized by Congress for his offense was $250,000. According to the Court, the standard for determining a constitutionally excessive forfeiture is whether it is "grossly disproportional to the gravity of a defendant's offense." *Id.* at 334. The Court gave two justifications for this gross disproportion standard: first, respect for legislative judgments about the appropriate punishment for an offense;

2

second, the inherently imprecise nature of any judicial determination about the gravity of a particular offense. *Id.* at 336.

*Bajakajian* specified four factors to consider when deciding a claim under the Excessive Fines Clause: (1) the type of the offense; (2) the harm caused by the crime; (3) whether the claimant is in the class of persons for whom the statute was designed; and (4) the maximum fine available under the statute and the sentencing guidelines. *Id.* at 337-40. Applying these factors, the Court held that the forfeiture of the entire $357,144 violated the Excessive Fines Clause.

18 U.S.C. § 983(g) essentially codifies the *Bajakajian* holding, allowing the claimant to "petition the court to determine whether the forfeiture was constitutionally excessive" and directing that the court "shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture."

**Applying the *Bajakajian* Standard**

The current claimants mirror the defendant in *Bajakajian* in three ways. First, the offense involved is a reporting offense, although the government considers there to be two reporting offenses involved here. Second, the offense merely deprived the government of the knowledge that the monetary instruments had entered the country, thus the harm caused was not very serious. Third, the government does not contend that the claimants are involved

in any other crimes, so it does not appear that they are members of the class of persons the statute was designed to target.[1]

However, unlike the defendant in *Bajakajian*, the forfeiture involved here does not outstrip the fine as calculated under the Sentencing Guidelines by more than seventy-fold. In this case, the relevant guidelines for a violation of 31 U.S.C. § 5316 provide a maximum fine of $5,000 per defendant, for a total of $10,000. Thus, the $32,000 forfeiture at issue here is less than four times the maximum fine under the Sentencing Guidelines.[2]

*Bajakajian* makes clear that the Sentencing Guidelines do not set the upper bound for constitutionally permissible forfeitures under the Eighth Amendment; unfortunately, the decision offers no guidance for determining what ratio between the guidelines maximum and a proposed forfeiture is constitutionally excessive. *Bajakajian* did not determine what amount would be a constitutionally permissible forfeiture for failure to report $357,144; it merely held that forfeiture of the entire amount was excessive. 524 U.S. at 337 n.11. The

---

[1] The government does note that Congress said the following in connection with the Bulk Cash Smuggling Statute, 115 Stat. 272 336-37: "the intentional transportation into or out of the United States of large amounts of currency or monetary instruments, in a manner designed to circumvent the mandatory reporting provisions of subchapter II of chapter 53 of title 31, United States Code, is the equivalent of, and creates the same harm as, the smuggling of goods." However, Mai and Hoang are accused of violating § 5316, not the Bulk Cash Smuggling Statute.

[2] A bailee such as Hoang must report the transportation of monetary instruments over $10,000 into or out of the country. 31 U.S.C. § 5316(a). Therefore, it is reasonable to consider any applicable fine that could be imposed on Hoang as well as Mai when determining the gravity of the offense involved. Nonetheless, whether the maximum fine is $5,000 or $10,000 does not change the court's "grossly disproportionate" analysis.

claimants have cited no case for the proposition that a forfeiture no greater four times the guidelines maximum is constitutionally excessive.

The government rightly urges that the maximum penalties authorized by Congress must be considered in the excessive fine analysis. *Bajakajian,* at 338 n.14 ("In considering an offense's gravity, the other penalties that the Legislature authorized are certainly relevant evidence. . . . Congress authorized a maximum fine of $250,000 plus five years' imprisonment for willfully violating the statutory reporting requirement, and this suggests that it did not view the reporting offense as a trivial one.").[3] The criminal statute violated here, 31 U.S.C. § 5316, sets a maximum fine of $250,000. Obviously, a forfeiture of $32,000 is well below that statutory maximum.

Moreover, the court notes that the forfeiture amount is one half the amount originally seized. Although far from determinative, the fact that the government has not insisted upon full forfeiture of the unreported amounts tends to undermine the claim of constitutional excessiveness.

The court is mindful that the reporting offense committed by the claimants is not particularly grave. Yet it is their burden to establish that the forfeiture amount is so disproportionate as to violate the Constitution. Admittedly, the gross disproportionality standard is inherently vague, and the cases applying the standard have erected few lampposts

---

[3] *See also United States v. Wallace*, 389 F.3d 483, 487 n.4 and 488 (5th Cir. 2004) (forfeiture of a plane that was possibly valued at $53,000 does not violate the Excessive Fines Clause when the maximum fine permissible under the predecessor statute was only $15,000).

to guide the way. But claimants' argument that the sentencing guideline maximum should be the benchmark for excessiveness is not supported by *Bajakajian* or any other case cited in their briefs to this court. Nor has this court been able to find any case holding that a forfeiture amount less than four times the guideline maximum violates the Eighth Amendment. Lacking any such authority, claimants' motion must fail.

**Conclusion and Order**

The court finds that forfeiture of $32,000 is not grossly disproportionate to the gravity of the offense giving rise to the forfeiture and thus does not violate the Excessive Fines Clause of the Eighth Amendment. The motion to mitigate (Dkt. 25) is denied.

Signed at Houston, Texas on September 9, 2009.

Stephen Wm Smith
United States Magistrate Judge